UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**ROBERT A. DICKERSON**   **PLAINTIFF**

**v.**   **CIVIL ACTION NO. 5:08CV-P53-R**

**CITY OF HICKMAN et al.**   **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, Robert A. Dickerson, filed a *pro se*, *in forma pauperis* complaint under the civil Racketeer Influenced and Corrupt Organizations Act (RICO) and under 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed in part and allowed to proceed in part.

### I. SUMMARY OF CLAIMS

Plaintiff sues the City of Hickman, Kentucky; Fulton County, Kentucky; Sheriff Bobby Hopper in his individual capacity; and Chief Deputy Sheriff Donny Zickefoose in his individual capacity. He alleges that in September 2002 he was racially discriminated against by Defendants when he was tried on three Fulton County indictments which were subsequently dismissed in 2007 after he spent six years in prison. He also alleges that his arrest, trials, and imprisonment violated his rights against double jeopardy, his due-process rights, his equal-protection rights, and his Eighth Amendment rights. He alleges that Defendants conspired to (and did) violate his constitutional rights and RICO. He further alleges that the City of Hickman and Fulton County have municipal policies causing the violation of his constitutional and statutory rights. He also raises claims under the Kentucky Constitution and makes other state-law claims, including malicious prosecution, abuse of process, and false arrest.

At the time Plaintiff filed his complaint he was incarcerated in the Fulton County Detention Center. He has since notified the Court that he has been transferred to the Roederer Correctional Complex.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, ___, 127 S. Ct. 1955, 1974 (2007).

***Request for injunctive relief***

Plaintiff states that he sues the city and Fulton County for injunctive and declaratory relief to bring an end to federal and state constitutional violations. *See* DN 1 at ¶ 122. He also states that he requests injunctive relief not just for himself but for others of both African-American and non-African-American heritage.

Plaintiff's request for declaratory and injunctive relief for himself is moot because he is no longer incarcerated at the Fulton County Detention Center. *See Kensu v. Haigh*, 87 F.3d 172,

2

175 (6th Cir. 1996).

Moreover, Plaintiff cannot request injunctive relief on behalf of others.  As a *pro se* litigant, Plaintiff may act as his own counsel in this matter.  *See* 28 U.S.C. § 1654.  However, he is not authorized to represent others in federal court.  *See*, *e.g.*, *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("*pro se*" means to appear for one's self; thus, one person may not appear on another person's behalf in the other's cause).  Plaintiff may only assert those claims, which are personal to him.  *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *see also Coal Operators & Assoc., Inc. v. Babbitt*, 291 F.3d 912, 915-16 (6th Cir. 2002).  Thus, to the extent that Plaintiff seeks relief on behalf of other people, he lacks standing to do so.  Therefore, his claim for injunctive relief on behalf of others will be dismissed as frivolous for lack of subject matter jurisdiction.  *Babbitt*, 291 F.3d at 915 ("[S]tanding to sue  . . . is a jurisdictional requirement.").

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate order, dismiss Plaintiff's claims for injunctive and declaratory relief on behalf of himself as moot and his requests for injunctive and declarative relief on behalf of others as frivolous.  The Court will, also by separate order, establish a schedule to govern development of the remaining claims.  In allowing these claims to go forward, the Court does not pass judgment on the ultimate merit of Plaintiff's case.

Date:


cc:     Plaintiff, *pro se*
        Defendants
        Fulton County Attorney
4413.009

3