# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

ROBERT A. DICKERSON                                                 PLAINTIFF

v.                                           CIVIL ACTION NO. 5:08CV-P53-R

CITY OF HICKMAN et al.                                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Defendants have moved for summary judgment (DN 64) and filed an addendum thereto (DN 65). Plaintiff has responded (DN 71), and Defendants have replied (DN 73). The matter being ripe, the Court will grant the motion for summary judgment for the following reasons.

## I. SUMMARY OF CLAIMS

Plaintiff, Robert A. Dickerson, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against the City of Hickman, Kentucky; Fulton County, Kentucky; Sheriff Bobby Hopper in his individual capacity; and Chief Deputy Sheriff Donny Zickefoose in his individual capacity. In an extremely lengthy complaint, Plaintiff alleged that on September 10, 2002, the City of Hickman and Fulton County governments racially discriminated against him by violating his constitutional right to an impartial jury by using peremptory challenges to strike African-American jurors. He further alleges that Defendant Zickefoose and Defendant Hopper violated the civil Racketeer Influenced and Corrupt Organizations Act (RICO) by conspiring to falsely arrest him, and he alleges he was falsely rearrested on December 10, 2001. He alleges that after a criminal prosecution against him ended in a mistrial in May 2002, Defendant Hopper and the Commonwealth's Attorney conspired to indict him again. He also alleges that the City of Hickman and Fulton County governments failed to adequately train their police officers and prosecutors not to suborn perjury to obtain criminal convictions.

The following facts can be ascertained from the parties' filings and the published opinion of the Kentucky Supreme Court on direct appeal of Plaintiff's criminal convictions, *Dickerson v. Commonwealth*, 174 S.W.3d 451 (Ky. 2005). Plaintiff was released from prison on August 1, 1997, after serving time on convictions of sodomy and sexual abuse. On July 17, 1997, Plaintiff executed a pre-release sex offender register entry form indicating that his post-release address would be Nashville, Tennessee. However, upon his release, Plaintiff moved to Fulton, Kentucky. *Dickerson*, 174 S.W.3d at 456.

On the night of January 21, 2001, A.H., Plaintiff's ten-year old stepdaughter, told her mother that Plaintiff showed her a gun and threatened to kill her and everyone in the house if she did not do as she was told; Plaintiff then sexually assaulted her. *Id.*

On March 8, 2001, a Fulton County grand jury charged Plaintiff in indictment number 01-CR-00015 with sodomy 1st, possession of a handgun by a convicted felon, and being a first-degree persistent felony offender (PFO 1st) based on the events of January 20, 2001. *Id.* at 457. In May 2002, Plaintiff was tried by a Fulton Circuit Court jury on the sodomy 1st and PFO 1st charges contained in indictment number 01-CR-00015. *Id.* at 458. A mistrial was declared when the jury was unable to reach a verdict. *Id.* The second trial took place on September 10, 2002. Another indictment, number 02-CR-00122, for violating the Sex Offender Registration Act, was issued based on Plaintiff's move to Fulton County, Kentucky, rather than to Nashville as he had indicated in his pre-release sex-offender form. Instead of retrying the sodomy and PFO charges contained in indictment number 01-CR-00015, the Commonwealth elected to consolidate the handgun charge in that indictment with the sex-offense registration charge in indictment number 02-CR-00122 and try them together. *Id.* The September 10, 2002, trial

resulted in a jury verdict against Plaintiff of possession of a firearm by a convicted felon and of failure to register as a sex offender.

In March 2003, Plaintiff was retried on the charges of sodomy and the PFO charges from indictment number 01-CR-00015; he was convicted and sentenced to thirty years in prison. Plaintiff appealed both the September 2002 and the March 2003 convictions, and in 2005 the Kentucky Supreme Court reversed his convictions and remanded for new trials. On September 21, 2007, he pleaded guilty to first-degree criminal abuse committed on January 21, 2001, and two weapons charges (possession of a firearm by a convicted felon and possession of a long gun by a convicted felon). On February 19, 2009, the Kentucky Supreme Court affirmed his convictions, rejecting Plaintiff's arguments that the new charges were the result of prosecutorial vindictiveness and that his right to a speedy trial was violated.

Plaintiff's complaint was filed on April 8, 2008. He signed the complaint on March 15, 2008. He does not certify on what day it was delivered to prison officials for mailing. The Court will assume for purposes of deciding the summary-judgment motion that it was so delivered on March 15, 2008, and therefore that is the filing date. *Miller v. Collins,* 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988) (under the mailbox rule, the petition is deemed filed when presented to prison officials for mailing).

## II. ANALYSIS

A.  **Summary-judgment standard**

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The party moving for

summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The moving party's burden may be discharged by demonstrating that there is an absence of evidence to support an essential element of the nonmoving party's case for which he or she has the burden of proof. *Id.* Once the moving party demonstrates this lack of evidence, the burden passes to the nonmoving party to establish, after an adequate opportunity for discovery, the existence of a disputed factual element essential to his case with respect to which he bears the burden of proof. *Id.* If the nonmoving party will bear the burden at trial on a dispositive issue, the nonmoving party must go beyond the pleadings and by his own affidavits, "or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted, citing FED. R. CIV. P. 56(e)). If the record taken as a whole could not lead the trier of fact to find for the nonmoving party, the motion for summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Where the nonmoving party bears the burden of proof at trial, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F. Supp. 214, 217 (E.D. Mich. 1990). The moving party, therefore, is "entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden

4

of proof." *Id.* (internal quotation marks omitted). "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial." FED. R. CIV. P. 56(e)(2). "If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." *Id.*

In their summary-judgment motion, Defendants argue that Plaintiff's claims are time-barred; Plaintiff's entire complaint should be dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); Plaintiff's RICO claims fail as a matter of law; there is no factual or legal basis for his claims against the City of Hickman; his § 1983 claims against Fulton County fail because he cannot prove municipal liability; Plaintiff cannot prove that Defendants Hopper or Zickefoose violated his constitutional rights; Defendants Hopper and Zickefoose are entitled to qualified immunity; and Plaintiff's state-law claims against Fulton County must be dismissed for reasons of sovereign immunity. In their addendum to their summary-judgment motion (DN 65), Defendants argue that Plaintiff's accusations of perjury and conspiracy are without substance, citing the recent Kentucky Supreme Court case of *Commonwealth v. Baker*, 295 S.W.3d 437 (Ky. 2009). The Court finds that summary judgment is appropriate because Plaintiff's claims are barred by the statute of limitations and by the *Heck* doctrine. Therefore, the Court will not address Defendants' other arguments.

**B.     Statute of limitations**

Plaintiff asserts that his claims are not time-barred because even after he served more than the legally "required penalties for the crimes assessed illegally against him" Defendants

5

refused to dismiss the charges against him. However, he also states that the Fourth Amendment violations occurred on September 19, 2001, and December 10, 2001, when he was arrested. He states that he suffered an injury from an abuse of process on September 19, 2001, and again on December 10, 2001, based upon false arrest without probable cause and on September 10, 2002, when he was "unlawfully" deprived of his pretrial status. With regard to his malicious prosecution claims, he argues that on September 10, 2002, Defendants maliciously prosecuted him. He states that the civil conspiracy agreement between several Fulton County and Hickman City officials was initiated on August 14, 2001. He also argues that Equal Protection Clause violations occurred on September 10, 2002, when peremptory challenges were used to exclude African American jurors and from "August 14, 2001 through September 19, 2001 when Chief Deputy Danny Zickefoose decided that Plaintiff could not relocate or live in Fulton County due to Plaintiff's race and/or class-based classification as a registered Kentucky Offender."

In support of his response to the summary-judgment motion, he attaches his unsigned affidavit, in which he avers that "an enterprise exist[s] in western Kentucky in Fulton County, in the cities of Fulton, Hickman, Clinton, and the City of Wickeliffe, Kentucky comprised of judicial officers, including those in law enforcement, and city and county government as the 'elite.'"[1] He further avers that "many of these same individuals . . . are operating an enterprise of racketeering through their organizations who are actually active members of the local Ku Klux Klan." He alleges that

> on September 19, 2001, this Plaintiff has been and became a victim of racial discrimination under the authority . . . of white Americans

---

[1] He also attaches a number of exhibits including arrest warrants, jury instructions, and prison medical records.

> in the courts of Fulton and Ballard County in Kentucky that
> actually became fully complete as of September 10, 2002 and
> forward for which . . . Plaintiff still remains injured today from the
> illegal criminal convictions Plaintiff has experienced in these
> counties.

First, the Court notes that Plaintiff failed to sign his affidavit, which is necessary under Rule 56. *Cf. Shepard v. Frontier Communications Servs., Inc.*, 92 F. Supp. 2d 279, 284-85 (S.D.N.Y. 2000) (Court held that it would consider plaintiff's affidavit which was unsigned when it was served on defendants because a signed copy was later filed with the court).

Moreover, an opponent of a summary-judgment motion cannot "survive it merely by restating his conclusory allegations in affidavit form, or by presuming the existence of material facts." *Robinson v. Union Carbide Corp.*, 805 F. Supp. 514, 523 (E.D. Tenn. 1991). Here, the averments are purely conclusory and therefore inappropriate. Vague and conclusory allegations of constitutional violations cannot withstand a well-grounded motion for summary judgment. General averments or conclusory allegations of an affidavit do not create specific fact disputes for summary judgment purposes. *See Lujan v. Nat'l Wildlife Federation*, 497 U.S. 871, 888-89 (1990). Finally, nothing in the affidavit supports his argument that his claims are not time-barred as will be more fully discussed below.

   1.   *§ 1983 claims*

Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275-280 (1985). Thus, in Kentucky, § 1983 actions are limited by the one-year statute of limitations found in KY. REV. STAT. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although state law establishes the statute of limitations for § 1983 actions, federal

law controls on the issue of when the statute of limitations begins to run. *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). Therefore, in order to avoid the one-year time-bar, the alleged § 1983 violations would have had to have occurred no earlier than March 15, 2007.

The Court now turns its attention to when Plaintiff's claims accrued. A § 1983 malicious prosecution claim accrues when the underlying conviction is invalidated. *See Heck*, 512 U.S. at 489-90. Thus, assuming that Plaintiff's malicious prosecution claim accrued in 2005 when the Kentucky Supreme Court reversed his convictions and remanded for new trials, the statute of limitations would have run one-year from the date of that decision, or on October 20, 2006.

Plaintiff's § 1983 false arrest claims accrued in 2001, when he was arrested. *See Wallace v. Kato*, 549 U.S. 384, 397 (2007). Thus, those claims are likewise time-barred.

Plaintiff argues that the Equal Protection violations based on jury selection and Defendant Zickefoose's alleged decision that Plaintiff could not live in the county because of his race occurred on September 10, 2002, and from April 14, 2001, through September 19, 2001. Thus, by his own argument, those claims are time-barred as well.

2.   *RICO claims*

A civil RICO action has a four-year limitation period. *Rotella v. Wood*, 528 U.S. 549, 557 (2000); *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 156 (1987). The limitations period for RICO claims accrues when a plaintiff knew or should have known of an injury. *Rotella*, 528 U.S. at 554-55. The latest part of the conspiracy which Plaintiff alleges existed occurred in January 2003. More importantly, Plaintiff obviously knew of his injury from the alleged conspiracy in January 2003 and before. The actions which were part of the alleged conspiracy which "injured" Plaintiff were the indictments and trials which took place during

2001 to 2003. Plaintiff obviously knew at that time of the indictments and trials. Therefore, Plaintiff knew of the injury more than four years before he filed the instant action, and Plaintiff's RICO claims are time-barred.

   *3.   State-law claims*

Kentucky has a one-year statute of limitations for malicious prosecution and for false arrest claims. Ky. Rev. Stat. § 413.40(1)(c). The one-year period for his state-law claim for false arrest began no later than his arraignment on that arrest. *Carter v. Porter*, 617 F. Supp. 2d 514, 518 (E.D. Ky. 2008). A state-law malicious prosecution claim accrues "upon a favorable termination of the criminal proceedings." *Dunn v. Felty*, 226 S.W.3d 68, 73 (Ky. 2007). The only favorable termination of criminal proceedings occurred in 2005 when the Kentucky Supreme Court reversed and remanded his criminal convictions.

Abuse-of-process claims are also subject to the one-year limitations period. *See Bates v. Stapleton*, No. 7:08-CV-28-KKC, 2008 WL 1735170, at *3 (E.D. Ky. Apr. 11, 2008). "Unlike an action for malicious prosecution where a legal termination of the prosecution complained of is essential, in an action for abuse of process it is not necessary, ordinarily, to establish that the action in which the process issued has terminated unsuccessfully." 1 A.L.R.3d 953 § 1. "For this reason, a cause of action for abuse of process has been generally held to accrue . . . from the termination of the acts which constitute the abuse complained of, and not from the completion of the action in which the process issued." *Id.* As will be discussed more fully below, any claim relating to the action under which he is still incarcerated is barred by the *Heck* doctrine. The limitations period for any abuse-of-process claims arising out of the 2001, 2001, and 2003 arrests and trials expired before Plaintiff filed this action.

9

C.  *Heck* **bar**

To the extent that Plaintiff asserts that his claims are not time-barred because even after he served more than the legally "required penalties for the crimes assessed illegally against him" Defendants refused to dismiss the charges against him, those claims are barred by the *Heck* doctrine. Under the holding in *Heck v. Humphrey*, 512 U.S. at 486-87, any civil-rights action calling into question the lawfulness of confinement must be preceded by a judicial finding, in a separate habeas corpus action, that the conviction or confinement was unconstitutional. A prisoner's § 1983 action "is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)- if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Here, after the Kentucky Supreme Court reversed his convictions on remand Plaintiff was indicted in indictment number 07-CR-00045,[2] to which he pleaded guilty and he entered a guilty plea to one of the charges as amended from 01-CR-00015, *i.e.*, first-degree criminal abuse. Those guilty-plea convictions have not been invalidated and in fact have been affirmed on appeal by the Kentucky Supreme Court. *Dickerson v. Commonwealth*, 278 S.W.3d 145 (Ky. 2009). Thus, to the extent that Plaintiff is arguing that his claims are not time-barred, those claims would be barred by the *Heck* doctrine.

---

[2] That indictment charged Plaintiff, a convicted felon, with two counts of possessing a firearm on or about January 21, 2001.

## III. CONCLUSION AND ORDER

For the foregoing reasons, Defendants are entitled to judgment as a matter of law. The motion for summary judgment (DN 64) is **GRANTED**. Plaintiff's claims are **DISMISSED**.

Date:

cc: Plaintiff, *pro se*
 Counsel of record
4413.009